**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2006 SEP -8 P 4: 34

| | | |
|---|---|---|
| JAMAR JOHNSON, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No.: 3: 06cv 812- WKW | |
| | ) | |
| ERNEST HAIRSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION TO DISMISS**

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Ruled 12 (b)(1) of the Federal Rules of Civil Procedure, moves this Court to dismiss plaintiffs' claims for lack of subject-matter jurisdiction. In support of this motion, the United States advances the following grounds:

1.    Plaintiff, Jamar Johnson, Ph.D., brings a claim for money damages against defendant Ernset Hairston (Hairston) and others arising from an alleged failure to provide closed captioning on TV and DVD. *See* Complaint, ¶ 1.

2.    Hairston is an Education Research Analyst with the U.S. Department of Education in Washington, D.C. He is the federal project officer for several Education Department grants and cooperative agreements including the Captioned Media Program under the National Association of the Deaf. His federal responsibilities include monitoring this program.

3.    The United States Attorney has certified that Defendant Hairston was acting within the scope of his federal office or employment at the time of the incident giving rise to plaintiff's claims. *See* Scope-of-Employment Certification, Exhibit 2 to Notice of Removal and Substitution filed herewith. The Attorney General's scope-of-employment certification has the effect of removing this action from State court and substituting the United States as party defendant. 28 U.S.C. 2679 (d)(2). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11ᵗʰ Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

4.    Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

5.    This Court lacks subject-matter jurisdiction because plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an administrative claim must first be presented to and denied by the appropriate federal agency. *Id.* The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11ᵗʰ Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237

(11th Cir. 2002). The Supreme Court has made is absolutely clear that "[t]he FTCA bars claimants from brining suit in federal court until they have exhausted their administrative remedies." *McNeil,* 508 U.S. at 113.

6.    The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

7.    Plaintiff has not filed an administrative claim with the United States Department of Education. Accordingly, this Court lacks subject-matter jurisdiction.

**WHEREFORE**, this action should be dismissed in its entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 8th day of September, 2006.

LEURA G. CANARY
United States Attorney

By: _____
STEPHEN M. DOYLE
Chief, Civil Division
Assistant United States Attorney
Attorney for Defendant
Post Office Box 197
Montgomery, AL  36101-0197
District of Columbia Bar No. 422474
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail: stephen.doyle@usdoj.gov**

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing United States'

Motion to Dismiss upon *pro se* plaintiff by mailing a copy of same, first class, postage

prepaid, addressed as follows:

> Jarmar Johnson
> 9th Lane Street
> Phenix City, AL  36869

Dated this 8th day of September, 2006.

_____
Assistant United States Attorney