IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAR JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-00812-WKW |
| | ) | |
| ERNEST HAIRSTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed Sept. 19, 2006). Pending are *United States' Motion to Dismiss* (Doc. 3, filed September 8, 2006) and *Defendant Bill Stark, Captioned Media Project Director, Captioned Media Program National Association of the Deaf Motion to Dismiss or in the Alternative, for Summary Judgment* (Doc. 8, filed October 26, 2006). For good cause herein shown, it is the Recommendation of the Magistrate Judge that the motions be granted and this action be dismissed.

### I.  PARTIES

Plaintiff, Jamar Johnson, Ph.D. ("Johnson" or "Plaintiff"), is a resident of Phenix City in Russell County, Alabama, within the Middle District of Alabama. Plaintiff is an

individual who is deaf and uses American Sign Language for communication.

Defendant United States was properly substituted for Defendant Hairston as the United States filed a scope of employment certification thereby removing the case from State court and substituting the United States as party defendant.

Defendant Caption Media Program, also referred to as National Association for the Deaf, ("NAD") is a non-profit organization whose mission is promote, protect, and preserve the rights and quality of life of deaf and hard of hearing individuals in the United States of America.[1]

Defendant Bill Stark ("Stark") is an employee of the NAD. He is the Project Director for the Captioned Media Program (CMP), a program funded by a U.S. Department of Education cooperative agreement administered by NAD.

## II. NATURE OF CASE/BACKGROUND

Plaintiff initiated this action *pro se* in Russell County District Court on August 8, 2006, with a letter complaint. The complaint relates to the lack of closed captioning on DVDs allegedly put out by the Defendants. The letter is confusing and does not articulate a cognizable claim. Further, the letter does not state ascertainable damages. *See* Doc. 1. Defendant United States ("United States") removed the action to federal court on or about September 8, 2006. *See* Docs. 1, 2. The United States concurrently filed a Motion to Dismiss on September 8, 2006. *See* Doc. 3.

---

[1] *See* http://www.nad.org/site/pp.asp?c=foINKQMBF&b=261467

Upon the District Judge's September 19, 2006 referral of this action for pretrial proceeding, the Magistrate Judge issued a Show Cause Order instructing Plaintiff to show cause why the United States' Motion to Dismiss should not be granted on or before October 18, 2006. *See* Doc. 7. No response was filed by the October 18, 2006 deadline. On October 26, 2006, Defendants Bill Stark and Caption Media Program filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. *See* Doc. 8. The Court issued another Show Cause Order instructing Plaintiff to show cause why the second Motion to Dismiss should not be granted on or before November 22, 2006. *See* Doc. 9. No response was filed by the deadline. Plaintiff finally filed a response on December 7, 2006 which the Court presumes applies to both Show Cause orders.

Plaintiff's response to the Show Cause Orders provides the same information as detailed in his complaint but does not specifically address any points raised by Defendants in their respective motions to dismiss. He does not provide detailed factual allegations to support his contentions, nor does he provide any legal basis for relief. In an effort to clarify Plaintiff's allegations and in deference to his status as a *pro se* litigant, the Court scheduled a hearing on the motions to dismiss and provided instructions that "Plaintiff shall be prepared to succinctly state the exact nature of his complaint." *See* Doc. 11. The hearing was to provide Plaintiff an opportunity to clarify his position, claims, and relief sought. The hearing was initially scheduled for February 12, 2007 at 10:00 a.m., but at the request of defense counsel, was re-set for February 12, 2007 at 2:00 p.m. *See* Docs. 11, 13.

At the set hearing time, Plaintiff did not appear, so the court waited for twenty (20)

minutes for an appearance by Plaintiff. Counsel for both defendants were present as were two American Sign Language Interpreters. After ascertaining that the Clerk mailed to the *pro se* plaintiff the January 12, 2007 and January 16, 2007 Orders setting the hearing, and the mail was not returned, the court directed the courtroom deputy to attempt communication on the record with Plaintiff at his telephone number of record. Christine Holder,[2] who identified herself as Plaintiff's girlfriend, confirmed Plaintiff received the mailings, and acted as an intermediary to communicate with Plaintiff who was still at his residence. Ms. Holder stated she communicated with Plaintiff through American Sign Language and handwritten notes. Ms. Holder stated Plaintiff indicated he thought the hearing was on September 8th, but did not elaborate. Because communication was difficult, Plaintiff indicated he would call the court back within five (5) minutes. The court waited almost ten (10) minutes on the record, but never received a call. Further, the court did not receive a call during the remainder of the business day nor during the business days preceding this recommendation. Therefore, the Court reviewed the motions and Plaintiff's written response on the merits.

### III. DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants move to dismiss for lack of subject matter jurisdiction. Specifically, Defendant United States

---

[2] The Court believes her last name was "Holder," but admits it could have been "Holden."

contends that the court lacks jurisdiction because plaintiff did not exhaust administrative remedies concerning this claim before bring suit in state court. Defendants Stark and NAD also allege under Rule 12(b)(1) for failure to exhaust administrative remedies as well as Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief could be granted.

### IV.  STANDARD OF REVIEW

**A.    Subject-Matter Jurisdiction**

The term "subject-matter jurisdiction" pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 1566, 143 L.Ed.2d 760 (1999). Under the American form of government, federal district courts are courts of limited jurisdiction. In most cases there must be both constitutional and statutory authority for a federal court to act. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Subject-matter jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Federal Rule of Civil Procedure 12(b)(1) dictates that the question of subject matter jurisdiction be accorded priority consideration because it implicates the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946); *see Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir.1997) (noting that "the existence of disputed material facts will not preclude the trial court from evaluating for itself

the merits of jurisdictional claims"); *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942)).

A Rule 12(b)(1) motion takes two forms: a "facial attack" or a "factual attack." *Gilmore*, 125 F.Supp.2d at 471. A "facial attack" requires the court to assess whether the plaintiff has alleged sufficient basis for subject-matter jurisdiction and the allegations in his complaint are taken as true for the purposes of the motion. *Lawrence v. Dunbar*, 909 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack" challenges the existence of subject-matter jurisdiction based on matters outside the pleadings. *Id*. No such presumption of truth exists in a factual attack, and the court may hear conflicting evidence and decide the issues that determine jurisdiction. *Gilmore*, 125 F.Supp.2d at 470-71 (citing *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)).

Under the Federal Tort Claims Act (FTCA), a plaintiff must first present an administrative claim to the appropriate federal agency as required under 28 U.S.C. § 2675(a) - in this case the Department of Education. The claim must then be denied by that agency before suit can be filed. *Id*.; *McNeil v. United States*, 508 U.S. 106, 111-113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Further, the administrative requirement cannot be waived. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002). Consequently, when a litigant attempts to bring suit without first exhausting available administrative remedies, the federal court is powerless to act.

Further, the Federal Communications Commission (FCC) has adopted regulations implementing § 713 of the Telecommunications Act of 1996. *See* 47 C.F.R. § 79.1. These regulations provide administrative remedies that must be followed with regard to complaints about closed captioning. § 79.1(g). Additionally, private rights of action are prohibited and the FCC has exclusive jurisdiction with respect to any closed captioning complaints. § 79.1(h); 47 U.S.C. § 613(h). Therefore, a private citizen has no right to bring suit.

**B.     Legal Sufficiency of the Complaint**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 3 L.Ed.2d 80 (1957)); *see also Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998) (quoting *Hishon*). Further, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2229; *Ellis*, 160 F.3d at 706; *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v.*

*Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[3]

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102; *see also Gilmore*, 125 F. Supp.2d at 471 (citing *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not...[dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.")). In other words, it is a low threshold on the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*).

### V. DISCUSSION AND ANALYSIS

Plaintiff does not allege, and the existing record does not disclose, that Plaintiff filed an administrative claim with any administrative agency prior to initiating this action. In fact, Plaintiff does not respond at all to the subject-matter jurisdiction allegations except by including a portion of Title 50, Chapter 3, Section 23 pertaining to the jurisdiction of United States courts and judges. *See* Docs. 1, 10. Plaintiff's meager allegation regarding

---

[3]   *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

jurisdiction has no impact on the administrative requirements of the FTCA and Telecommunications Act of 1996. *See* 28 U.S.C. § 2675(a); 47 U.S.C. § 613; 47 C.F.R. § 79.1. As such, the action must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies prior to bringing suit.

Further, even under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure, Plaintiff has not articulated any cognizable claim for which he is entitled to relief. Rather, Plaintiff simply makes general assertions regarding closed captioning on DVDs and a vague reference to the enforcement provisions of the ADA. *See* Complaint (Doc. 1) and Response to Show Cause Order (Doc. 10). Even necessarily viewing Plaintiff's allegations as true, Plaintiff has not shown this court he has brought a claim which entitles him to any relief. Rather, Plaintiff's conclusory allegations, unsupported legal conclusions, and history of closed captioning[4] are insufficient to withstand dismissal. Further, there is no private right to action on complaints pertaining to closed captioning. *See* 47 U.S.C. § 613; 47 C.F.R. § 79.1(h). Consequently, the action should be dismissed under 12(b)(6) of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[4]   Plaintiff provides the background of closed captioning in his letter as well as an attachment of a printout from Wikipedia.

(1) Defendant *United States' Motion to Dismiss* (Doc.3, filed September 8, 2006) be **GRANTED**;

(2) *Defendant Bill Stark, Captioned Media Project Director, Captioned Media Program National Association of the Deaf Motion to Dismiss or in the Alternative, for Summary Judgment* (Doc. 8, filed October 26, 2006)be **GRANTED**; and

(3) This action be **DISMISSED**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the *Recommendation* not later than **March 2, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

    DONE this 16th day of February, 2007.

                                /s/Terry F. Mooorer
                                TERRY F. MOORER
                                UNITED STATES MAGISTRATE JUDGE